UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA A. AGUILAR, | No. 2:17-cv-0158 DB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge's treatment of plaintiff's testimony and the opinion evidence constituted error. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In the summer of 2013, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

1 | Income ("SSI") under Title XVI of the Act alleging disability beginning on July 15, 2012.

2 | (Transcript ("Tr.") at 17, 192-200.) Plaintiff's conditions included back and joint issues,

3 | numbness and swelling in feet and hands, low white blood cell count, and high blood pressure.

4 | (Id. at 250.) Plaintiff's applications were denied initially and upon reconsideration. (Id. 120-26,

5 | 128-34.)

6 | Plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ")

7 | on September 17, 2015. (Id. at 32-69.) Plaintiff was represented by an attorney and testified at

8 | the administrative hearing. (Id. at 32-35.) In a decision issued on October 15, 2015, the ALJ

9 | found that plaintiff was not disabled. (Id. at 25.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2017.
>
> 2. The claimant has not engaged in Substantial Gainful Activity (SGA) since July 15, 2012, the Alleged Onset Date (AOD) (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: lumbar Degenerative Disc Disease (DDD); thoracic spine Degenerative Disc Disease (DDD); right knee osteoarthritis; and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can frequently climb stairs and ramps; climb ladders, ropes, and scaffolds; balance; stoop; kneel; crouch; and crawl.
>
> 6. The claimant is capable of performing Past Relevant Work as a Nut Sorter. This work does not require the performance of work-related activities precluded by the claimant's Residual Functional Capacity (RFC) (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from July 15, 2012, through the date of this decision (20 CFR 404.1502(f) and 416.920(f)).

(Id. at 19-25.)

////

On November 23, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's October 15, 2015 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 24, 2017. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

////

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following two principal claims: (1) the ALJ improperly rejected plaintiff's testimony; and (2) the ALJ erred by improperly rejecting the opinion of plaintiff's treating chiropractor and physician's assistant.[2] (Pl.'s MSJ (ECF No. 18) at 12-22.[3])

I.     Plaintiff's Testimony

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks

---

[2] The court has reordered plaintiff's claims for purposes of clarity and efficiency.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ summarized plaintiff's testimony, noting that plaintiff testified that "she was unable to work due to pain in her back and knees." (Tr. at 22.) The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause "some" of the alleged symptoms. (Id. .) However, the ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not fully credible[.]" (Id.)

The first reason offered by the ALJ in support of this finding was that the ALJ did "not find the [plaintiff's] allegations of disability fully credible given her activities of daily living." (Id.) In this regard, the ALJ noted that plaintiff performs "self-care independently," "household chores," "laundry," prepares meals, feeds her pets, and goes "shopping with her husband." (Id.) The ALJ went on to note that plaintiff "watches television, walks to the store, goes to the library, and reads books." (Id.)

////

The Ninth Circuit, "'has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability.'" Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) ("disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) ("Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity."). In general, the Commissioner does not consider "activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs" to be substantial gainful activities. 20 C.F.R. § 404.1572(c).

This is so because

> [t]he critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012).

The second reason offered by the ALJ for rejecting plaintiff's testimony was that an examining physician observed that plaintiff "was easily able to get up out of the chair in the waiting room; walk with normal speed to the examination room; and get on and off the examination table without discomfort[.]" (Tr. at 22.) However, that a person observed plaintiff being able to do such simple tasks as walk with normal speed or getting out of a chair on a single occasion, is not a clear and convincing reason for rejecting plaintiff's testimony about the impairments she routinely experiences. This is especially so given that plaintiff acknowledged that "she could walk for about one mile when she is not having pain." (Id.)

The third reason offered by the ALJ for rejecting plaintiff's testimony was that plaintiff "acknowledged she stopped working as of the alleged onset date because the season was over rather than for medical reasons." (Id.) That assertion is not entirely accurate. In this regard, the ALJ cites to a California Claim for Disability Insurance Benefits form completed by plaintiff on

6

August 10, 2012.  (Id. at 22, 344-45.)  Asked "Why did you stop working" plaintiff wrote "Season was over."  (Id. at 344.)  Plaintiff, however, also indicated on the form that she last worked on June 25, 2012, but did not become disabled until July 15, 2012.  (Id.)  Although plaintiff may have stopped working because the season was over, there is nothing inconsistent about someone believing they became disabled after they stopped working.[4]

        The final reason offered by the ALJ for rejecting plaintiff's testimony was that "the objective and clinical Medical Evidence of Record [] does not support the claimant's allegations of disabling limitations to the extent alleged."  (Id. at 22.)  However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms.  Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Perez v. Astrue, 247 Fed. Appx. 931, 936 (9th Cir. 2007) ("That the degree of Perez's subjective complaints were not corroborated by the objective clinical findings in the ALJ's view was of no legal moment because pain is inherently an individual phenomenon."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

        For the reasons stated above, the court finds that the ALJ failed to offer clear and convincing reasons for rejecting plaintiff's testimony.  Accordingly, plaintiff motion for summary judgment is granted as to the claim that the ALJ's treatment of plaintiff's testimony constituted error.

II.    Opinion Evidence

        "In addition to considering the medical opinions of doctors, an ALJ must consider the opinions of medical providers who are not within the definition of acceptable medical sources." Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017) (quotation and citation omitted).  "An ALJ may discount the opinion of an 'other source,' . . . if she provides 'reasons germane to each

---

[4] Moreover, the ALJ's decision found that plaintiff could not perform her past relevant work as "actually performed by the [plaintiff.]" (Tr. at 25.)

7

witness for doing so.'" Popa v. Berryhill, 872 F.3d 901, 906 (9th Cir. 2017) (quoting Molina, 674 F.3d at 1111); see also Petty v. Colvin, 954 F.Supp.2d 914, 926 (D. Ariz. 2013) ("An ALJ is free to discount testimony from other sources, but as the Commissioner concedes, he must give reasons germane to each witness for doing so.").

Here, plaintiff challenges the ALJ's treatment of the opinions of Luis Aguilar, Doctor of Chiropractic, and Myriam Castenada, Physician Assistant, both of whom treated plaintiff. (Pl.'s MSJ (ECF No. 18) at 12-19.) The ALJ's decision discussed the opinions of these providers, stating:

> Little weight is given to the July 29, 2014 opinion of Myriam Castenada, Physician Assistant (PA-C) and the August 4, 2014 opinion of Luis Aguilar, Doctor of Chiropractic (DC). They both stated the claimant could lift and carry 10 pounds occasionally and less than 10 pounds frequently, sit, stand and walk, four (sic) about two hours in an eight hour day, changing positions every 30 to 60 minutes; and would be required to lie down twice during an eight hour shift. She further indicated the claimant could only occasionally twist, stoop, crouch, climb stairs; but never climb ladders, and must avoid all exposure to extreme temperatures, and wetness; and avoid concentrated exposure to humidity.

(Tr. at 24) (citations omitted).

The sole reason offered by the ALJ for affording these opinions little weight is the ALJ's finding that "[t]hese extreme limitations are not supported by the record as a whole, including the claimant's admitted activities of daily living, as discussed" by the ALJ in addressing plaintiff's testimony. (Id.) However, the court has found that the ALJ's treatment of plaintiff's activities of daily living, and the treatment of plaintiff's subjective testimony, was erroneous. And the ALJ has offered nothing more than this single vague and conclusory reference to the record as a whole and plaintiff's activities of daily living to justify the rejection of these opinions.

Accordingly, the court cannot find that the ALJ offered a germane reason for rejecting these opinions. Plaintiff's motion for summary judgment is, therefore, also granted on the claim that the ALJ's treatment of the opinion evidence constituted error.

////

////

////

CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, given the ALJ's failure to properly weigh plaintiff's testimony and sufficiently address the opinion evidence, the court cannot find that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 22) is denied;

3. The Commissioner's decision is reversed;

////

////

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: September 5, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\aguilar0158.ord